ocal. We are disposed to give to the conduct of the attorney in this case the most charitable interpretation, and to make no imputations upon his motives. We might support our decision upon grounds wholly independent of the professional relations of Mr. Brooks to the subject, or the parties connected with this controversy. It is evident to us that the agreement commented on in the opinion was made with the object of suppressing and getting the testimony of the Mirandas out of the way—to keep it from the knowledge of the officers of the Government; and a contract, made by any one, with this motive, and to effect this object, is opposed to public policy, and cannot be enforced. There is no difference in principle between a contract to keep a witness out of the way, and an agreement to suppress, and get from the archives or offices of the Government, a deposition, a knowledge of which may be important to the Government. But the other facts commented on by us in the opinion were before us, and we were bound to accord to them their legal effect, and cannot, for any purpose of the decision, consider suggestions, however probable or true we might believe them to be, if they are not furnished or supported by the record.

## CRANDALL *v.* BLEN.

PLAINTIFF has judgment against defendant for six hundred dollars. Defendant has judgment in the same Court, but in a different action, against plaintiff for one hundred and ten dollars, costs. Plaintiff moves to set off defendant's judgment, and apply the same as a credit upon plaintiff's judgment. Motion denied. Plaintiff appeals from the order denying the motion. *Held,* that the Supreme Court has no jurisdiction—the judgments ought to be set off being for less than two hundred dollars.

APPEAL from the Eleventh District.

January 11th, 1858, plaintiff recovered judgment in the Eleventh District, for the sum of seven hundred and forty-one dollars and sixty-three cents, against defendant, besides costs, and a decree of foreclosure. The mortgage property was sold under the decree, leaving a balance due. June 21st, 1858, execution issued for the unpaid balance, and was returned *nulla bona,* leaving about six hundred dollars still unpaid. October 18th, 1858, defendant recovered judgment against plaintiff in

Crandall *v.* Blen.

the same Court, for ————————— dollars, costs, which judgment was appealed to the Supreme Court, and there affirmed—the costs of both Courts amounting to about one hundred and ten dollars and thirty-three cents.   October 19th, 1859, upon affidavit and notice, plaintiff moved to set off the judgment of defendant, and credit the amount on plaintiff's judgment against defendant.   Motion denied.

Plaintiff appeals from the order denying the motion.

*E. B. Crocker*, for Appellant.

The three hundred and thirty-sixth section of the Practice Act gives the right to appeal "from any special order made after final judgment," and the same clause gives the right of appeal "from an order granting or dissolving an injunction."

The judgment in the case in which this motion is made, is for a sum greatly exceeding two hundred dollars.   So that case itself, in which the order is made, is clearly one over which this Court has jurisdiction, and having thus jurisdiction over the case, it has jurisdiction over all orders made in the case, provided for by the statute.   For instance, an injunction is granted or dissolved.   If the action in which the injunction was issued, relates to property exceeding two hundred dollars in value, this Court clearly has jurisdiction of the case, and by virtue of that jurisdiction, over all appealable orders made in the case, and therefore, it properly takes jurisdiction over orders granting or dissolving the injunction, although the amount that may actually be involved in such orders may be a sum under two hundred dollars.

But this Court in these cases, and others of a like character, has entertained the appeals, because the action, in which the orders appealed from were made, involved more than two hundred dollars.   The fourth section, article 6th, of the Const. says :   "The Supreme Court shall have appellate jurisdiction in all cases, when the matter in dispute exceeds two hundred dollars."   That is, as we understand, when the " case " itself involves a sum exceeding two hundred dollars, the Court can review any order made in the case.   Any other view would deprive the District Court of power to hear a motion of set-off like this.   For section 6 provides, that the District Court shall have original jurisdiction only in " cases where the amount in dispute exceeds two hundred dollars."   If this Court cannot entertain this appeal, then the District Court could not entertain the motion, although it is a motion made in a case, over which case it has jurisdiction.

This motion to set off cannot be considered an independent action, case or proceeding. There is no summons or other process, to bring the party into Court, as in an original proceeding, but a simple notice. The power of setting off judgments depends in part upon the general jurisdiction of the Courts over their suitors and process. Opposite demands, arising upon judgments, may upon motion be set off against each other, whenever such set-off is equitable. (Barb. Set-Off, 32, citing numerous cases.)

*A. S. Higgins*, also for Appellant.

*Tuttle & Hillyer*, for Respondent, cited Const. art. 6, sec. 4.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

We cannot entertain the appeal in this case for want of jurisdiction. The judgment which is sought to be set off is for a less sum than two hundred dollars. Appeal dismissed.

---

## THE PEOPLE *v.* SMITH.

AN indictment charging defendant with " stealing, taking and leading or driving away," the property stolen, etc., is not defective under our statute as charging the offense in the disjunctive. The gravamen of the offense is taking and removing the stolen property, and it is immaterial whether the asportation be by means of leading the animals stolen or driving them. The offense is complete by the union of either of these acts and the seizure or appropriation.

Either leading or driving away horses charged to have been stolen, etc., is a carrying away within the law.

An indictment for larceny describing the property as " a black or brown mare or filly, branded with a small mule shoe on the left shoulder," is sufficiently particular in description. To state the color is not necessary, and putting it in the alternative is not a fatal objection, especially when other terms of description are given, which identify the property. Our statute does not require *more* exactness than obtained at common law.

Confessions of a defendant indicted for larceny, made to the prosecutor and owner of the property stolen, upon inducements held out by him, that if defendant would disclose his confederates, he would use his influence to get defendant acquitted, are not admissible in evidence against him.